UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SERVINO BALDASSARE,

        Plaintiff,

  v.

NEW YORK STATE ATTORNEY
GENERAL LETITIA JAMES,[1]

        Defendant.

24-CV-488-LJV
ORDER

---

On March 21, 2024, the pro se plaintiff, Servino Baldassare, commenced this action against New York State Attorney General Letitia James under 42 U.S.C. § 1983. Docket Item 1. Liberally construed, Baldassare brought claims against James for not pursuing a criminal case related to the theft of his laptop. *See id.* Because Baldassare also moved to proceed in forma pauperis (that is, as someone who should have the prepayment of the ordinary filing fee waived because he cannot afford it), Docket Item 12, the Court screened his complaint under 28 U.S.C. § 1915(e)(2), Docket Item 14. In doing so, the Court concluded that "Baldassare d[id] not have a 'judicially cognizable interest' in the prosecution of the person or entity who stole his laptop" and dismissed his complaint without leave to amend. *Id.* at 5. The Court mailed a copy of that order to

---

[1] Baldassare's complaint names the defendant as "NYS Attorney Gneral Latitia James [sic]." Docket Item 1 at 1. The Court takes judicial notice of the correct spelling of James's name and title.

Baldassare at the address he provided, but that mailing was returned as undeliverable. Docket Item 17.

Baldassare now has moved for restitution "in[]regards to [his] laptop," *see* Docket Item 18, which the Court construes as a request for reconsideration of its earlier order dismissing his complaint. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). The Second Circuit has held that "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked— matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citation and internal quotation marks omitted); *see also United States v. Cheruvu*, 2019 WL 3000682, at *2 (W.D.N.Y. July 10, 2019) ("[A] motion for reconsideration is not a device intended to give an unhappy litigant one additional chance to sway the judge." (citation and internal quotation marks omitted)).

Baldassare has identified no such grounds in his motion. Instead, he seems to suggest that because he did not receive the Court's order dismissing his complaint, he should be permitted to "resubmit [his] motion." *See* Docket Item 18 at 4. But Baldassare does not say what "motion" he wishes to "resubmit." And to the extent that the motion to which he refers is his motion for restitution, the Court has accepted and considered his motion as already noted.

What is more, under Local Rule of Civil Procedure 5.2(d), it was Baldassare's responsibility as a pro se litigant to "furnish the Court with a current address at which papers may be served[.]" Loc. R. Civ. P. 5.2(d). That rule further provides that pro se litigants "inform the Court immediately, in writing, of any change of address," and that "[t]he Court will assume that the litigant has received papers sent to the address they provide." *Id.* Baldassare's latest motion appears to have been sent from an address different than the one he originally provided the Court, *compare* Docket Item 1 at 2 (Baldassare's complaint), *with* Docket Item 18 at 7, so he appears to have violated that rule. And Local Rule 5.2(d) permits the dismissal of an action for failure to provide a current address.

Nevertheless, the Court did not dismiss Baldassare's complaint on that basis. Rather, the Court dismissed Baldassare's complaint because it did not raise a viable legal theory. Docket Item 14 at 5. Baldassare's motion for restitution does not change that, nor does it provide any reason for the Court to reconsider its prior order dismissing the complaint. Accordingly, Baldassare's motion for restitution, Docket Item 18, is DENIED.

## **CONCLUSION**

For the reasons stated above, Baldassare's motion for restitution, Docket Item 18, is DENIED.

SO ORDERED.

Dated: June 6, 2025
       Buffalo, New York

                                        ___*/s/ Lawrence J. Vilardo*___
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE